962 So.2d 119 (2007)
Louis William MOSBY, Appellant
v.
Carolyn MOSBY and Leatrice D. Mosby, Appellees.
No. 2006-CA-00339-COA.
Court of Appeals of Mississippi.
July 31, 2007.
*120 John H. Cox, Greenville, attorney for appellant.
Paul Mathis, attorney for appellees.
Leatrice D. Mosby, Appellee, pro se.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. We are called upon to review the propriety of the chancellor's order for partition and sale of real property jointly owned by ex-spouses Carolyn B. Mosby and Louis William Mosby.

FACTS
¶ 2. Louis and Carolyn owned a residence as joint tenants with the right of survivorship. The chancery court granted Carolyn a divorce from Louis on November 21, 1979. The divorce decree stated: "That [Louis] is hereby awarded the sole use and possession of the residence located at 211 Garrett Street, Greenville, Washington County, Mississippi. That when said residence is sold, the equity shall be divided equally between the parties hereto."
¶ 3. On June 21, 1990, Louis married Leatrice Mosby. On February 12, 2002, the mortgage on the property was paid in full and the property stood free and clear of all liens, claims, and encumbrances. On February 15, 2002, Louis conveyed his one-half interest in the property to Leatrice by quitclaim deed, reserving a life estate for himself.
¶ 4. On January 11, 2005, Carolyn filed a "Petition for Partition and Sale of Real Property, or in the Alternative, for Other Relief." At the hearing, it was stipulated that Leatrice was a necessary party to the partition action and that Leatrice and Louis were separated and contemplating a divorce. Carolyn argued that Louis's conveyance to Leatrice contravened the terms of the divorce decree and that she was entitled to a partition sale that would liquidate her equity in the property. Alternatively, Carolyn argued that the conveyance was a sale that triggered the requirement that the equity be divided between the parties. Louis contended that his conveyance to Leatrice was permissible under the *121 divorce decree, that no sale had occurred, and that the award of the use and possession of the residence to him meant that Carolyn could not force partition.
¶ 5. The chancellor found that the quitclaim deed conveyed title to a half-interest in the property to Leatrice and that Leatrice had taken title with knowledge that she would be a cotenant with Carolyn. The chancellor found that Louis's conveyance of his half-interest to Leatrice and retention of a life estate was not a sale within the terms of the divorce decree. However, the chancellor found that Louis's conveyance of his half-interest to a new wife twenty-six years after the divorce was a situation not contemplated by the divorce decree. The chancellor recognized precedent to the effect that parties to a property settlement may contract for one exspouse to retain use, possession, and control of the property for a reasonable length of time. Weeks v. Weeks, 403 So.2d 148, 149 (Miss.1981). The chancellor observed that this case did not involve a property settlement agreement but rather a court order awarding use and possession to Louis. The chancellor stated:
The court finds that indeed there has been a change in circumstances of the parties since the Mosby Decree and that this change in circumstances is material, is injurious to the Complainant, and is one that could not have been contemplated by the court at the time it rendered its decree or by the parties. It is certain that the court never contemplated or intended that 26 years later, Complainant would be restricted from getting her equity in the property because Mr. Mosby "conveyed" rather than "sold." Mr. Mosby has achieved a situation which could not have been intended by the court, i.e., Mr. Mosby has relinquished his ownership rights as a co-tenant, put Complainant at the mercy of a new co-tenant and denied Complainant her equity in the home.
The court ordered a partition by sale with the proceeds to be disbursed equally to Carolyn and Leatrice. Leatrice was to pay Louis the value of his life estate interest from her share of the proceeds.

STANDARD OF REVIEW
¶ 6. This Court's scope of review of a chancellor's decision is limited. We review the chancellor's decision for abuse of discretion and will not disturb the chancellor's fact-findings unless they were manifestly wrong or clearly erroneous. McNeil v. Hester, 753 So.2d 1057, 1063 (¶ 21) (Miss.2000). However, we review all questions of law de novo. Cole v. Nat. Life Ins. Co., 549 So.2d 1301, 1303 (Miss.1989).

LAW AND ANALYSIS
¶ 7. We have condensed Louis's issues into the following statement:
I. WHETHER THE CHANCELLOR'S ORDER FOR PARTITION OF THE PROPERTY BY SALE WAS MANIFESTLY WRONG, CLEARLY ERRONEOUS, OR APPLIED AN INCORRECT LEGAL STANDARD.
¶ 8. Partition is a statutory right in Mississippi. Mississippi Code Annotated section 11-21-3 (Rev.2004) provides:
Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the free hold or in a term of years not less than five (5), may be made by judgment of the chancery court of that county in which the lands or some part thereof, are situated; or, if the lands be held by devise or descent, the division may be ordered by the chancery court of *122 the county in which the will was probated or letters of administration granted, although none of the lands be in that county.
However, any person owning an indefeasible fee simple title to an undivided interest in land may procure a partition of said land and have the interest of such person set apart in fee simple from the claims of life or other tenants, remaindermen or reversioners, provided the life or other tenants, and other known living persons having an interest in the lands, are made defendants if they do not join in the proceeding as plaintiffs.
With one statutory exception, cotenants have an absolute right to partition of property. Cheeks v. Herrington, 523 So.2d 1033, 1035 (Miss.1988). "Possession, or the right of possession, in the tenants in common gives an absolute and unconditional right to partition however inconvenient it may be to make." Id. (citing Barnes v. Rogers, 206 Miss. 887, 893, 41 So.2d 58, 60 (1949)). The statutory exception prevents a forced partition of the homestead property of a surviving spouse who is using and occupying the property. Miss.Code Ann. § 91-1-23 (Rev.2004).
¶ 9. A special situation is presented by a petition for partition of property co-owned by ex-spouses, with one spouse having been given use and occupancy of the property by the divorce decree. In Weeks, a property settlement agreement provided that Mr. Weeks was to have the exclusive use, possession, and control of the house and that when the house was sold, the equity would be divided equally between the parties. Weeks, 403 So.2d at 148. Less than two years after the divorce, Mrs. Weeks filed a petition for partition of the property. Id. The court observed that the property settlement agreement was a binding contract and that cotenants may contract to give up the right to partite the property for a reasonable length of time. Id. at 149 (citing Wiener v. Pierce, 203 So.2d 598, 603 (Miss.1967)). The court held that a partition suit would violate the terms of the property settlement agreement under which the parties had agreed Mr. Weeks would have exclusive use, possession, and control of the property. Id. The court held that Mr. Weeks was entitled to retain the exclusive use, possession, and control of the property and stated that there could be no partition unless this use and occupancy extended to a time that "clearly could be said to be unreasonable. Obviously, the reasonableness of such occupancy would depend on the facts of each particular case." Id.
¶ 10. The chancellor found Weeks to be of limited usefulness in the instant case because Weeks involved a property settlement agreement pursuant to which the parties had, in essence, contracted to forego partition. In this case, there was no property settlement agreement; rather, the court in the divorce decree awarded Louis the right to use and occupy the marital home until its sale. In Sartin v. Sartin, 405 So.2d 84, 84 (Miss.1981), a divorce decree had awarded Mrs. Sartin the exclusive use and possession of the co-owned property until she remarried or the court issued further orders. Two months after the divorce, Mr. Sartin sued for partition. Id. at 85. The chancellor denied the request for partition, observing that he had awarded the use and possession of the property to Mrs. Sartin as a form of alimony. Id. The supreme court affirmed the chancellor's decision. Id. The court observed that, if partition were allowed, Mrs. Sartin would undoubtedly need additional financial support from Mr. Sartin and that the clear intent of the decree was to not allow Mr. Sartin to force partition. Id. at 85, 86. The court stated that "allowing Mr. Sartin to maintain the partition suit *123 would be to allow him to take an action prohibited by the divorce decree." Id. at 86.
¶ 11. The court held that "partition will not be compelled in derogation of a decree . . . [providing that], as part of the settlement of the parties' mutual rights and obligations, the former spouse has the exclusive right as long as she remains unmarried." Id. at 85. The court distinguished this case in which the non-occupying ex-spouse sought partition from prior cases in which the occupying ex-spouse had sought partition. Id. at 86 (citing Welborn v. Welborn, 386 So.2d 722 (Miss. 1980); Blackmon v. Blackmon, 350 So.2d 44 (Miss.1977)). In those cases, the court held that the occupying ex-spouse had a right to move elsewhere, request partition, and thus surrender the divorce decree's award of exclusive occupancy. Welborn, 386 So.2d at 725; Blackmon, 350 So.2d at 47. The Sartin court stated that, "ex-wife Sartin has made no such election, and she is entitled to enjoy the provisions of the divorce decree which granted her the right to occupy the subject property as long as she did not remarry, or until further orders of the court." Sartin, 405 So.2d at 86.
¶ 12. Louis argues that Sartin stands for the proposition that a non-occupying cotenant can never achieve partition of property occupied by an ex-spouse pursuant to an unmodified divorce decree. Louis contends that the only proper route to relief for Carolyn would have been a suit to modify the divorce decree to permit partition. However, a cotenant wishing to partite real property subject to a divorce decree is not required to file suit to modify the decree, but may exercise her statutory right to partition by filing a petition for partition. Blackmon, 350 So.2d at 46. Therefore, Carolyn's petition for partition was a proper mechanism for seeking partition of the property. Louis also argues that the chancellor's statement that the court was "in essence modifying the Mosby decree" meant that the court in fact modified the decree. Louis contends that modification was improper in the absence of a material change in circumstances. This argument is without merit because the chancellor clearly granted the petition for partition and did not, in fact, modify the decree. As discussed below, the chancellor did not have to modify the decree in order to grant the relief requested.
¶ 13. The chancellor distinguished Sartin from the present case. The chancellor observed that, while Mr. Sartin had petitioned for partition only two months after the divorce decree, Carolyn requested partition twenty-six years after the decree and after Louis conveyed his interest to Leatrice. While Sartin does hold that a cotenant may not partite property occupied by an ex-spouse under a divorce decree, to avoid partition the ex-spouse's occupancy must comport with the dictates of the divorce decree. Otherwise, the property will be subject to partition. This was the situation in Daughtrey v. Daughtrey, 474 So.2d 598 (Miss.1985). In that case, the divorce decree had awarded Mrs. Daughtrey exclusive use and possession of the co-owned property until the minor child was emancipated. Id. at 600. In time, the minor child became emancipated, but Mrs. Daughtrey continued to occupy the property. Id. Mr. Daughtrey sued for partition. Id. at 599. Mrs. Daughtrey argued that the property was her homestead and that she would incur hardship if forced to move. Id. at 601. The court rejected this argument, holding that Mr. Daughtrey's statutory right of partition gave him an absolute and unconditional right to partition regardless of any inconvenience to Mrs. Daughtrey. Id. Notably, because the minor child was emancipated, the divorce decree no longer granted Mrs. *124 Daughtrey the exclusive use and occupancy of the property.
¶ 14. Similarly, here the chancellor found that, when Louis conveyed his undivided half-interest in the property to Leatrice and reserved a life estate, Louis's use and occupancy of the property ceased to comport with the dictates of the divorce decree, subjecting the property to partition. As found by the chancellor, the divorce decree contemplated that Louis would have the use and occupancy of the property until Louis and Carolyn alienated their half-interests through a sale after which the equity would be divided between them. The chancellor determined that Louis's conveyance to Leatrice was not a "sale" as contemplated by the divorce decree because Louis failed to convey absolute title to his half-interest, but retained a life estate.
¶ 15. We agree with the chancellor's conclusions and find no error in her decision. Louis's conveyance to Leatrice thoroughly frustrated the intent of the decree that Louis and Carolyn would retain their undivided half-interests as joint tenants until such time as the whole property was sold and the equity divided. After their divorce, Louis and Carolyn continued to hold the property as joint tenants. Shepherd v. Shepherd, 336 So.2d 497, 499 (Miss. 1976). As the chancellor recognized, the conveyance to Leatrice imposed a new co-tenant upon Carolyn. But the conveyance also severed the joint tenancy and rendered Carolyn a tenant in common with Leatrice. Ayers v. Petro, 417 So.2d 912, 914 (Miss.1982). Thus, not only did the conveyance impose a new cotenant upon Carolyn, it also destroyed her right of survivorship. At this time, if Leatrice died, Carolyn would not survive to Leatrice's half-interest but would become a cotenant with Leatrice's heirs. Id. at 915. Carolyn's loss of her survivorship interest was not intended by the divorce decree, which did not adjust title and contemplated that the parties would retain their respective interests until the property was sold and the equity divided. While Louis was free to dispose of his property as he chose, his conveyance of his half-interest to Leatrice and reservation of a life estate for himself contravened the intent of the divorce decree. Simply put, the decree did not intend to enable Louis to alienate his half-interest but still use and occupy the property indefinitely. The chancellor did not err in granting Carolyn's petition and ordering a partition by sale.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., NOT PARTICIPATING.