# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-IA-01560-SCT

*CRAWFORD LOGGING, INC.*

*v.*

*THE ESTATE OF ROSWELL IRVING, JR.,*
*DECEASED; CARLA IRVING FORTE, NORMA*
*IRVING KING AND KELVIN EDWIN IRVING, AS*
*WRONGFUL DEATH BENEFICIARIES,*
*SURVIVING CHILDREN AND SOLE SURVIVING*
*HEIRS AT LAW OF ROSWELL IRVING, JR.,*
*DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/2008 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | GINNY Y. KENNEDY |
| | CECIL MAISON HEIDELBERG |
| ATTORNEYS FOR APPELLEE: | BRANDON ISAAC DORSEY |
| | JOHNNIE E. WALLS, SR. |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 08/12/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., RANDOLPH AND PIERCE, JJ.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Crawford Logging, Inc., appeals from the trial court's denial of its summary judgment motion in a wrongful-death action involving an independent contractor. For the reasons stated herein, we reverse and render the order of the Circuit Court of the First Judicial District of Hinds County.

## FACTS

¶2.     On September 28, 2004, Roswell Irving, Jr., was struck by a truck owned and operated by Hosie Thomas.  Thomas owned H.T. Trucking and was hauling logs as an independent contractor for Crawford Logging, Inc.  Irving, who was walking near the intersection of Highway 22 and Interstate 220 in Hinds County at the time of the accident, died from his injuries. On November 22, 2004, Irving's wrongful-death beneficiaries (hereinafter "Irving") filed an action against Thomas, H.T. Trucking, and John Does 1-10, in the Circuit Court of the First Judicial District of Hinds County, alleging that the negligence of Thomas was the proximate cause of Irving's death.

¶3.     During Thomas' deposition on or before August 11, 2005, Irving discovered that Thomas was hauling logs as an independent contractor for Crawford.  In November of 2005, Irving and Thomas participated in mediation and settled the case.  Irving executed a Release of All Claims, which stated, in relevant part, that the wrongful-death beneficiaries and sole surviving heirs at law (Releasors):

> [D]o hereby release Hosie Thomas, H.T. Trucking Company, and Progressive Gulf Insurance Company and all agents, servants, employees, representatives, attorneys, adjusters, investigators, officers, directors and successors and all persons, firms, corporations, and other entities in privity of interest therewith,[1] their assigns, successors, heirs, executors, and administrators (hereinafter "Releasees") from any and all claims, demands or causes of action of any kind which Releasors may have against Releasees, which arise out of or are in any way related to an accident which occurred on or about September 28, 2004.
> . . .

Irving also agreed to dismiss the pending lawsuit with prejudice.

---

[1]This is the language quoted in paragraph 16 of the separate opinion, although it adds, "whatever that means."

2

¶4. On January 3, 2006, Irving filed a First Amended Complaint with Discovery Attached. This complaint named H.T. Trucking Company, Hosie Thomas, Crawford Logging, Inc., and John Does 2-10 as defendants. On January 9, 2006, Irving filed Plaintiff's Motion for Leave to Amend Complaint to add Crawford as a defendant. Attached to this motion was the First Amended Complaint with Discovery Attached. On January 19, 2006, the trial court entered an Order of Dismissal with Prejudice. On January 24, 2006, the trial court entered an Order Granting Plaintiff's Motion for Leave to Amend Complaint pursuant to Rule 15 of the Mississippi Rules of Civil Procedure. On March 15, 2006, Irving filed a Second Amended Complaint with Discovery Attached against only Crawford and John Doe Defendants 2-10. Crawford filed a motion for summary judgment on January 22, 2007. The trial court denied Crawford's motion for summary judgment by order entered August 28, 2008. On September 12, 2008, the trial court entered an Order of Referral to Mediation, with mediation to be completed on or before October 31, 2008. Crawford then filed with this Court a petition for interlocutory appeal and stay, which was granted by order entered on October 15, 2008.

**ANALYSIS**

¶5. This Court applies a de novo standard of review to a trial court's grant or denial of summary judgment. ***Young v. Meacham***, 999 So. 2d 368, 371 (Miss. 2008). "The evidence must be viewed in the light most favorable to the party against whom the motion has been made, and the moving party bears the burden of demonstrating that no genuine issue of fact exists." ***Id***. (citing ***Heigle v. Heigle***, 771 So. 2d 341, 345 (Miss. 2000)). This Court looks at all evidentiary matters in the record, including pleadings, depositions, answers to interrogatories, admissions, affidavits, etc. ***Young***, 999 So. 2d at 371; Miss. R. Civ. P. 56(c).

3

If there is no genuine issue of material fact, then the moving party is entitled to judgment as a matter of law. Miss. R. Civ. P. 56(c). If there is doubt as to whether or not a fact exists, it should be resolved in favor of the nonmoving party. *Young*, 999 So. 2d at 371.

¶6.     Crawford raises the following issues on appeal:

**I. Whether Irving's claims against Crawford Logging are extinguished and barred by the doctrine of res judicata.**

**II. Whether the trial court had jurisdiction to enter the Order Granting Leave to Amend Complaint after settlement and dismissal of this action with prejudice.**

**III. Whether Irving's claims are extinguished and barred because they have already been released and Irving unconditionally accepted settlement.**

**IV. Whether Crawford Logging may be held liable under the doctrine of *respondeat superior* for the negligence of its independent contractor, H.T. Trucking/Hosie Thomas, a dismissed party.**

**V. Whether Crawford Logging may be held independently liable in tort under the theories of negligent hiring and negligent retention of H.T. Trucking/Hosie Thomas, an independent contractor.**

¶7.     We find that issues three and four are dispositive of this matter and decline to address the remaining issues.[2]

¶8.     The record indicates that Irving knew no later than August 11, 2005, that Thomas was hauling logs as an independent contractor for Crawford.[3] On November 29, 2005, Irving

---

[2]However, we do note that the trial court did not have jurisdiction to enter an order granting leave to amend the complaint after dismissing the action with prejudice. This is the first point adopted in paragraph 15 of the separate opinion. ("First of all, the trial court had no jurisdiction to adjudicate Crawford Logging's motion for summary judgment, because the underlying complaint was amended and filed after the case already had been dismissed with prejudice.")

[3]Irving asserts that, as a matter of law, Thomas was an employee of Crawford and not an independent contractor. This assertion is not supported by the record. Further, it is not necessary to make that determination in deciding this case, as neither circumstance would allow Irving to prevail.

executed a Release of All Claims, which stated in relevant part that the wrongful-death

beneficiaries and sole surviving heirs at law (Releasors):

> [D]o hereby release Hosie Thomas, H.T. Trucking Company, and Progressive Gulf Insurance Company and all agents, servants, employees, representatives, attorneys, adjusters, investigators, officers, directors and successors and all persons, firms, corporations, and other entities in privity of interest therewith,[4] their assigns, successors, heirs, executors, and administrators (hereinafter "Releasees") from any and all claims, demands or causes of action of any kind which Releasors may have against Releasees, which arise out of or are in any way related to an accident which occurred on or about September 28, 2004. . . .

Irving also agreed to dismiss the pending lawsuit with prejudice. After settling the case and

executing the Release of All Claims, Irving filed, on January 9, 2006, a motion for leave to

amend the complaint to add Crawford as a defendant. On January 19, 2006, the trial court

entered an Order of Dismissal with Prejudice. Despite having entered an order of dismissal

with prejudice, the trial court then granted the motion for leave to amend the complaint on

January 24, 2006. Notwithstanding that Irving could not properly revive the lawsuit, which

had been dismissed with prejudice, by amending the complaint, Irving has no viable claim

against Crawford.[5]

---

[4]Again, this is the language quoted in paragraph 16 of the separate opinion. Although it adds, "whatever that means."

[5]This is the second point adopted in paragraph 15 and the first sentence of paragraph 16 of the separate opinion. ("First of all the trial court had no jurisdiction to adjudicate Crawford Logging's motion for summary judgment, because the underlying complaint was amended and filed after the case already had been dismissed with prejudice.") ("And to the extent, if any, that the plaintiffs' amended complaint could be treated as an original action against only Crawford, the plaintiffs have no viable claim against it.")

¶9.　In ***J & J Timber Co. v. Broome***,[6] 932 So. 2d 1 (Miss. 2006), which is not on all fours factually with this case, wrongful-death beneficiaries settled wrongful-death claims against a timber company's hauling contractor and the contractor's truck driver and then brought a wrongful-death action against the timber company under a theory of vicarious liability. This Court reiterated that an "action against an employer based on the doctrine of *respondeat superior* is a derivative claim arising solely out of the negligent conduct of its employee within the scope of his or her employment." ***Id***. at 6. This Court further held that: "Where a party's suit against an employer is based on *respondeat superior*, the vicarious liability claim itself is extinguished when the solely negligent employee is released. There can be no assessment of damages against the employer when no action can be brought against the only negligent party – the employee." ***Id***. at 6, 7.

¶10.　In the instant case, Irving's *respondeat superior* claims against Crawford are derivative claims arising solely out of the negligent conduct of Thomas. Once Irving discharged Thomas, by way of an agreement (release) which unequivocally discharged all "in privity of interest therewith,[7]" the derivative vicarious liability claims against Crawford were extinguished.[8]

---

[6]This is the analysis adopted in paragraph 16 of the separate opinion.

[7]Again, this is the language quoted in paragraph 16 of the separate opinion, although it adds, "whatever that means."

[8]This is the holding adopted in paragraph 16 of the separate opinion.

6

¶11. For these reasons, we find that the trial court erred in denying Crawford's motion for summary judgment pursuant to Rule 56(c). Accordingly, as Crawford is entitled to a judgment as a matter of law, we reverse and render the order of the trial court.

¶12. We note that the separate opinion is labeled as concurring in part and in result with this majority opinion. However, the separate opinion fails to explicitly disagree with any part of this opinion. It merely adopts the findings and holding of this majority. Therefore, the separate opinion is, in fact, a specially concurring opinion.

¶13. **REVERSED AND RENDERED.**

**CARLSON, P.J., KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. WALLER, C.J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, RANDOLPH AND LAMAR, JJ.**

**WALLER, CHIEF JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶14. For the following reasons, I respectfully concur in part and in result with the majority opinion.

¶15. First of all, the trial court had no jurisdiction to adjudicate Crawford Logging's motion for summary judgment, because the underlying complaint was amended and filed after the case already had been dismissed with prejudice.

¶16. And to the extent, if any,[9] that the plaintiffs' amended complaint could be treated as an original action against only Crawford, the plaintiffs have no viable claim against it. As

---

[9] *See **Wilner v. White***, 929 So. 2d 315, 320 (Miss. 2006) (reaffirming long-standing principle of law in Mississippi prohibiting a party from splitting cause of action into two different actions) (citing ***Kimball v. Louisville and Nat'l R.R. Co.***, 94 Miss. 396, 48 So. 230 (1909); ***Harrison v. Chandler-Sampson Ins., Inc.***, 891 So. 2d 224, 234 (Miss. 2005); ***Alexander v. Elzie***, 621 So. 2d 909, 910 (Miss. 1992)).

the majority aptly points out, if Thomas and H.T. Trucking were an "employee" of Crawford Logging, then the settlement agreement released Crawford from liability, under *J & J Timber Co. v. Broome*, 932 So. 2d 1, 6-7 (Miss. 2006). And if Thomas was not an employee of Crawford – but an independent contractor, as Crawford argues – then Crawford still could have been released by the settlement contract if Crawford was in "privity of interest" with Thomas, whatever that means. And finally, to the extent that Thomas was an independent contractor for Crawford, but was not in "privity of interest" therewith, Crawford was not released by the contract, but Thomas's independent-contractor status defeated *respondeat superior* and vicarious liability, anyway. *See Chisolm v. Miss. Dep't of Transp.*, 942 So. 2d 136, 141 (Miss. 2006) (as a general rule, an independent contractor's principal is not vicariously liable for torts committed by the independent contractor); *McLemore v. Miss. Transp. Comm'n*, 992 So. 2d 1107, 1113 n.4 (Miss. 2008) (Waller, P.J., dissenting) (citing *Chisolm*, 942 So. 2d at 141).

¶17. No matter which way you slice it, the plaintiffs have no viable claim against Crawford, and the trial court erred by denying Crawford's summary-judgment motion. Therefore, I concur in the result reached by the majority.

**DICKINSON, RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.**