# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-IA-00987-SCT

*JANIS ANDERSON, INDIVIDUALLY, AND ON
BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF JESSE J. ANDERSON, JR.,
DECEASED*

*v.*

*ALPS AUTOMOTIVE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/29/2009 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PATRICIA LOVERNE BEALE |
| | PAUL T. BENTON |
| | JOHN WINCIE LEE, JR. |
| | MICHAEL JACOB SHEMPER |
| ATTORNEYS FOR APPELLEE: | BRENDA B. BETHANY |
| | EDWARD M. KRONK |
| | J. WYATT HAZARD |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 11/18/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., LAMAR AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Following an automobile accident, Janis Anderson filed suit for her injuries and for

the wrongful death of her husband, Jesse Anderson, Jr., against General Motors Corporation,

Stan King Chevrolet, Inc., and two fictitious defendants, alleging product liability, strict

liability, negligence, and breach of warranty. Nearly two years after filing her complaint, Anderson learned that ALPS Automotive, Inc., had manufactured a key component of an airbag that she contended had failed to deploy properly. However, she did not seek leave to substitute ALPS for one of the fictitious defendants until nine-and-a-half months after she had discovered ALPS's identity. Although the trial judge allowed the plaintiff leave to amend her complaint, he subsequently granted ALPS's motion for summary judgment, finding that the nine-and-a-half-month delay was unreasonable. This Court granted the plaintiff's motion for interlocutory appeal.

**Facts and Procedural History**

¶2. Jesse Anderson, Jr., was driving his wife, Janis Anderson, to work on February 15, 2003, in their 1998 Chevrolet Venture Van when it was struck head-on by a Ford truck driven by Michael Beasley.[1] Upon impact, the van's passenger-side airbag deployed; however, the driver-side airbag did not. As a result of the collision, Mr. Anderson died.

¶3. At the request of the decedent's widow, Richard Moakes, a chartered professional mechanical engineer, along with a General Motors representative, inspected the Chevrolet van on June 22, 2005. From that inspection of the vehicle, Moakes determined that the driver's-side airbag "did not deploy at the time of the incident, the clockspring at the top of the steering column was broken, and this defective part denied Mr. Anderson the protection provided by the driver's side airbag." Moakes further opined that "despite the fact that Mr. Anderson was not wearing his seat belt at the time of the incident, there was sufficient space

---

[1] Beasley is not a party to this lawsuit.

between the steering wheel and the back of the seat for him to occupy without being crushed, and that had the airbag deployed, he would have received a better chance of surviving the crash." Moakes's report was dated April 6, 2006, almost a year following the inspection.

¶4. Mrs. Anderson filed her complaint on February 13, 2006, in the Circuit Court of Lincoln County, Mississippi, against General Motors Corporation, Stan King Chevrolet, Inc., ABC, Inc., and XYZ, Inc. Both ABC, Inc., and XYZ, Inc., were described as "fictitious defendant[s] sued because the identities of all entities involved in the design, manufacture, sale and repair of the subject vehicle and the airbag mechanism at issue are presently unknown."

¶5. On November 30, 2007, counsel for General Motors conducted a non-destructive inspection of the clockspring. Representatives for General Motors, ALPS, and Anderson were present for the inspection. The only manufacturer identified on the clockspring was General Motors, shown thereon as "GM," followed by a set of numbers. The names ALPS or ALPS Automotive, Inc., did not appear anywhere on the clockspring. During the inspection of the clockspring, an ALPS employee in attendance informed Anderson's counsel that ALPS had manufactured the clockspring.

¶6. On September 16, 2008, Anderson circulated a proposed agreed order for leave to file her second amended complaint to all counsel of record to replace XYZ, Inc., with ALPS Automotive, Inc., as a defendant. The Lincoln County Circuit Court entered the agreed order for leave to amend on November 24, 2008, and Anderson filed her second amended complaint on December 8, 2008. ALPS was served with process on December 9, 2008.

3

¶7.    ALPS filed its motion for summary judgment on February 19, 2009, alleging that the statute of limitations on Anderson's claims against ALPS had expired, that Anderson had failed to exercise reasonable diligence in ascertaining the identity of ALPS under Rule 9(h) of the Mississippi Rules of Civil Procedure, that Anderson had failed to meet the diligence requirement of Rule 15(c)(2) in amending her complaint, and, as a result, Anderson's claims against ALPS, made in her second amended complaint, did not relate back to the filing date of the original complaint. A hearing on the motion was held, resulting in a bench ruling granting the motion for summary judgment. The trial judge adjudicated that a nine-and-a-half-month delay between the time the plaintiff learned that ALPS had manufactured the clockspring and the filing of the plaintiff's second amended complaint to add ALPS as a defendant was unreasonable under Mississippi Rule of Civil Procedure 9(h).

¶8.    Anderson filed a motion to reconsider, which was denied. The trial court further held that, once ALPS had admitted being the manufacturer of the clockspring, ALPS was no longer a fictitious party under Mississippi Rule of Civil Procedure 9(h), the mistake under Rule 15(c) had been resolved, and that a nine-month period of delay in adding ALPS as a defendant was unreasonable.

¶9.    Aggrieved by the trial court's ruling, Anderson filed her petition for interlocutory appeal, which this Court granted.

## Issue

¶10.   The plaintiff asks this Court to consider whether a nine-and-a-half-month delay between learning the identity of a fictitious party and amending her complaint to substitute

the true name of the defendant for a fictitious party is unreasonable and exhibits a lack of due diligence.

## Standard of Review

¶11.     When reviewing a trial court's grant or denial of summary judgment, this Court applies a de novo standard of review.  *Crawford Logging, Inc. v. Estate of Irving*, 41 So. 3d 687, 689 (Miss. 2010).  A motion for summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Miss. R. Civ. P. 56(c).

## Discussion

¶12.     Anderson argues that the trial court erred in adjudicating that she failed to use reasonable diligence in amending her complaint by waiting nine-and-a-half months from the date she learned that ALPS had manufactured the clockspring before seeking leave to amend her complaint.  ALPS argues that Anderson is a tardy plaintiff who slept on her rights by not seasonably naming ALPS a defendant in her product liability action.

¶13.     Mississippi Rule of Civil Procedure 9(h) provides:

> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and *when his true name is discovered* the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.

(Emphasis added.)   The phrase "when his true name is discovered," suggests that an immediate amendment of the complaint is required properly and timely to substitute a true

5

defendant for the fictitiously named defendant. Rule 15 of the Mississippi Rules of Civil Procedure governs the process of amending complaints and provides in pertinent part:

> An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

Miss. R. Civ. P. 15(c)(2). Thus, "a proper amendment pursuant to Rule 9(h) will relate back to the date of the filing of the original complaint." *Bedford Health Props., LLC v. Estate of Williams*, 946 So. 2d 335, 341 (Miss. 2006). The plaintiff in the present case must have made a "proper" amendment to avoid the running of the statute of limitations regarding ALPS.[2]

¶14. This Court has never spoken specifically on the issue of how much time constitutes unreasonable delay in substituting a named defendant for a fictitious one. Although the Federal Rules of Civil Procedure do not contain a counterpart to our Rule 9(h), the Mississippi Rules of Civil Procedure and the Alabama Rules of Civil Procedure provide almost identical means by which to substitute true parties in place of fictitiously named parties. Furthermore, the Alabama Supreme Court has discussed pointedly the interplay between that state's rules on amending a civil complaint to substitute true defendants for

---

[2] The parties agree that the statute of limitations had expired, unless Anderson's claims against ALPS related back to the filing date of the original complaint.

fictitious parties.[3]  Although not binding on Mississippi, Alabama case law is instructive on the application of Rules 9(h) and 15(c) in this case.

¶15.   The Alabama Supreme Court has held that Rules 9(h) and 15(c)(4) of the Alabama Rules of Civil Procedure "allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted."  ***Ex parte Nationwide Ins. Co.***, 991 So. 2d 1287, 1290 (Ala. 2008)  (quoting ***Ex parte Chem. Lime of Ala., Inc.***, 916 So. 2d 594, 597 (Ala. 2005)).  The Alabama Court further explained that "to invoke the relation-back principle of Rule 15(c), a plaintiff, after filing suit, must proceed in a *reasonably diligent manner* to determine the true identity of a fictitiously named defendant and to amend his complaint accordingly."[4]  ***Id.*** (quoting ***Ex parte FMC Corp.***, 599 So. 2d 592, 593-94 (Ala. 1992) (emphasis in original)).

---

[3] Rules 9(h) and 15(c)(4) of the Alabama Rules of Civil Procedure are substantially similar to our Rules 9(h) and 15(c)(2).

Rule 9(h) of the Alabama Rules of Civil Procedure provides:

When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Rule 15(c)(4) of the Alabama Rules of Civil Procedure provides that:

An amendment of a pleading relates back to the date of the original pleading when . . . relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h), Ala. R. Civ. P.

[4] This Court also has held that "[t]he relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party."  ***Wilner v. White***, 929 So. 2d 315, 323 (Miss. 2006) (quoting ***Doe v. Miss. Blood Servs., Inc.***, 704 So. 2d 1016, 1019 (Miss. 1997)).

¶16.    In *Ex parte Hensel Phelps Construction Company*, 7  So. 3d 999, 1001-1002 (Ala. 2008), the Alabama Supreme Court considered whether a delay of seven months from the date on which the plaintiff discovered the true identity of a fictitiously named defendant and the date on which the plaintiff sought to amend his complaint to substitute Hensel Phelps Construction Company in place of the fictitious defendant constituted an unreasonable delay. The Alabama Supreme Court held that "[t]he recalcitrant plaintiff cannot . . . use the relation-back rule to gain what might otherwise amount to an open-ended statute of limitations."[5]  The Court found that the plaintiff failed to act with due diligence in ascertaining the identity of Hensel Phelps, and that the plaintiff failed to comply with the rules governing fictitious party practice by waiting seven months to amend his complaint to substitute Hensel Phelps for a fictitious defendant.  *Id.*

¶17.    In this case, Anderson acted consistently with Rule 9(h) of the Mississippi Rules of Civil Procedure by filing her original complaint against two known defendants and two fictitious defendants.  Anderson described ABC, Inc., and XYZ, Inc., as "fictitiou[s] defendants sued because the identities of all entities involved in the design, manufacture, sale and repair of the subject vehicle and the airbag mechanism at issue are presently unknown." Anderson knew the reason for the failed deployment of her husband's airbag was a defective component of the airbag system; she was merely unaware of all maintenance facilities that had serviced the van and of the identity of the manufacturer of the allegedly defective part.

---

[5] This Court also has held that "[t]he purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but not identified, who can only be ascertained through the use of judicial mechanisms such as discovery.  It is not designed to allow tardy plaintiffs to sleep on their rights."  *Doe*, 704 So. 2d at 1019.

8

By participating in the discovery process, Anderson was able to ascertain the true identity of both fictitious defendants.

¶18. The trial judge found that it was not until November 30, 2007, at the non-destructive inspection of the clockspring, that the plaintiff learned that ALPS had manufactured the clockspring, but she did not seek to substitute ALPS as a party until nine-and-a-half months later. At the hearing on ALPS's motion for summary judgment, the trial judge stated, "I am satisfied that the Plaintiff did what the Plaintiff could do or needed to do up until the moment in time that the Plaintiff, by their own admission, learned that ALPS manufactured the clockspring. From there a delay of something upwards of nine months simply is not reasonable diligence."

¶19. In her motion to reconsider, the plaintiff alleged that ALPS had notice of the lawsuit as early as June of 2005, eight months prior to the actual filing of the lawsuit and well within the three-year statute of limitations. In the motion to reconsider, Anderson asked the trial court to consider her second amended complaint under Rule 15(c) of the Mississippi Rules of Civil Procedure instead of Rule 9(h). In denying her motion to reconsider, the trial court reasoned that Anderson had acted with due diligence in ascertaining the true identity of the fictitious party under Rule 9(h), but that she had failed to act with due diligence in amending her complaint under Rule 15(c).

¶20. In the absence of any reasonable explanation by Anderson of why she waited more than nine months after learning ALPS's identity to seek the trial court's leave to include it as a defendant in her lawsuit, we agree that the plaintiff failed to exercise reasonable diligence to bring this party into the litigation in a timely manner. The plain language of

9

Rule 9(h) contemplates that the plaintiff must amend her complaint "in a reasonably diligent manner" once she learns the true identity of the fictitious party. *See Ex parte Hensel Phelps Constr. Co.*, 7 So. 3d at 1003. As in **Hensel Phelps**, we find a delay of more than nine months unreasonable. *Id.* at 1002. Accordingly, we hold that the trial judge did not err in granting summary judgment to ALPS, and the entry of summary judgment for ALPS is therefore affirmed.

¶21. **AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PIERCE JJ., CONCUR.**