# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01326-COA

**SOCORRO SAYLON O'BRIEN,**  **APPELLANT**
**INDIVIDUALLY, AND AS EXECUTRIX OF THE**
**ESTATE OF CARROLL J. O'BRIEN**

**v.**

**SUSAN WESTEDT**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2016 |
| TRIAL JUDGE: | HON. DAVID SHOEMAKE |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | L. WESLEY BROADHEAD |
| ATTORNEY FOR APPELLEE: | LAURA MCKINLEY GLAZE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 04/10/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    Socorro Saylon O'Brien, individually and as executrix of the estate of Carroll J. O'Brien, appeals the judgment of the Simpson County Chancery Court, granting Susan Westedt's motion for summary judgment.

## FACTS

¶2.    On March 30, 1972, Carroll and his then wife Susan, using money that Susan inherited from her family, purchased 104 acres of land in Simpson County, Mississippi. Title to the property was conveyed to Carroll and Susan as joint tenants with full rights of survivorship, and not as tenants in common. They recorded the deed among the land records of Simpson

County on March 30, 1972. On August 12, 1987, Carroll and Susan obtained a judgment of divorce based on irreconcilable differences. Their separation and property-settlement agreement was incorporated into the final decree of divorce and stated in pertinent part:

> It is agreed between the parties that all real property jointly owned by these parties shall remain as same now is, with each party owning a one-half undivided interest in all real property and that said real property cannot become community property by any future marriages by either spouse. No disposition of any land holdings may be made while both parties are alive unless by mutual agreement in writing.

¶3. On May 18, 1995, without the knowledge or consent of Susan, Carroll used a twenty-five-year-old power of attorney that Susan had signed in 1970, while she was still his wife, to quitclaim title of the 104 acres from Susan and himself to himself and his new wife, Socorro. The acknowledgment portion of the quitclaim deed reflects that only Carroll appeared before the notary and does not reflect that he appeared as Susan's attorney-in-fact pursuant to the power of attorney. On February 22, 2000, again using the same power of attorney, Carroll executed a warranty deed, conveying title of the acreage from himself and Susan to Socorro and himself as tenants by the entirety with full rights of survivorship, and not as tenants in common. Finally, on December 4, 2007, Carroll and Socorro executed a quitclaim deed, conveying the subject property to Socorro. Carroll died on November 19, 2012.

¶4. Susan filed a complaint to void the deeds and remove the clouds on her title to the 104 acres of land. Susan alleged that Carroll breached his fiduciary duty by exercising the power of attorney, did not have the authority to unilaterally convey the property, defrauded her of

2

her interest in the property, and was unjustly enriched by the conveyances. Socorro filed an answer and counterclaim, wherein she denied generally the allegations of Susan's complaint and alleged that the doctrines of equitable estoppel, laches, and/or waiver barred Susan from receiving any relief. Socorro also sought reimbursement for one-half of all taxes paid on the land since 1995. Susan filed a motion for summary judgment.

¶5. The chancery court found that no written mutual agreement existed that would have allowed Carroll to make any conveyances of the property and that all attempts by Carroll to convey the property after his divorce from Susan should be canceled and set aside. As such, the court found that Susan was the sole owner of the property and granted her motion for summary judgment. Socorro filed a motion for reconsideration, which the chancery court denied, leading to this appeal.

¶6. In this appeal, Socorro asserts the following issues: (1) whether Carroll and Susan's joint tenancy was terminated by the May 18, 1995 quitclaim deed; (2) whether the purported conveyance of Susan's undivided one-half interest in the property described in the May 18, 1995 quitclaim deed was void or voidable; (3) whether Susan's complaint seeking to set aside or void the May 18, 1995 quitclaim deed should be dismissed with prejudice as a matter of law because it was filed after the expiration of the applicable statute of limitations; and (4) whether Socorro's statutory homestead right to undisturbed possession and use of the property should have been considered by the court when ruling on Susan's motion for summary judgment.

3

¶7. For the reasons discussed below, we find no error; therefore, we affirm the judgment of the chancery court.

DISCUSSION

¶8. "When reviewing a trial court's grant or denial of summary judgment, [appellate courts] appl[y] a de novo standard of review." *Anderson v. Alps Auto. Inc.*, 51 So. 3d 929, 931 (¶11) (Miss. 2010). "A motion for summary judgment is to be granted 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting Rule 56(c) of the Mississippi Rules of Civil Procedure)).

¶9. Since the issues are interrelated, issues I and II and issues III and IV will be addressed together, respectively.

 I.  *Joint Tenancy Termination*

 II.  *Quitclaim Deed Void or Voidable*

¶10. Socorro asserts that—because of the failure of the acknowledgment included in the 1995 quitclaim deed to comport with the requirements of Mississippi Code Annotated section 89-3-1 (Rev. 2011)—the purported conveyance of Susan's undivided one-half interest in the property is void or voidable. She argues that the defect in the acknowledgment affects only Susan's undivided one-half interest.

¶11. Socorro further argues that the 1995 conveyance by Carroll of his undivided one-half

4

interest in the property to himself and Socorro terminated Carroll and Susan's joint tenancy with full rights of survivorship. She cites *Mosby v. Mosby*, 962 So. 2d 119, 124 (¶15) (Miss. Ct. App. 2007), for the principle that a joint tenancy is severed after the conveyance of the property, and the owners then become tenants in common. She contends that, like in *Mosby*, Carroll made a post-divorce-decree conveyance of his undivided one-half interest, making Susan a co-tenant with himself and Socorro.

¶12.    Susan responds that the *Mosby* case clearly stands for the principle that conveyances which thoroughly frustrate the intent of a divorce decree shall be set aside. *Id.* She claims that, based on the trial court's interpretation and application of *Mosby* to the undisputed facts of the case, she was entitled to a judgment as a matter of law. She contends that the property-settlement agreement is clear that neither she nor Carroll could dispose of any interest in the real property while both were alive without the written agreement of the other. As previously quoted, the agreement states that "[n]o disposition of any land holdings may be made while both parties are alive unless by mutual agreement in writing."

¶13.    The chancery court noted that in "*Mosby*, a divorced husband attempted to thwart the intent of the divorce decree by conveying his one-half interest in the property to his second wife while retaining a life-estate in himself in a scheme to avoid splitting the equity in the property with his first wife." *Id.* Based on the *Mosby* case, the court found that the property-settlement-agreement provision governed, and all attempts by Carroll to convey the property after his divorce from Susan should be canceled and set aside. We agree. *See also*

5

*McKinney v. King*, 498 So. 2d 387, 388 (Miss. 1986) (holding that, "[i]t is fundamental law that an agent owes his principal absolute good faith and fidelity, and he cannot in the exercise of his authority as agent acquire property or interest therein rightfully belonging to his principal without full disclosure and free consent of his principal.").

¶14. The property-settlement agreement clearly contemplated that the property would pass by survivorship unless both parties agreed otherwise in writing. "[P]roperty settlements under divorce actions are binding on the parties if fair, equitable and supported by consideration." *Weeks v. Weeks*, 403 So. 2d 148, 149 (Miss. 1981). Socorro does not claim that the property-settlement agreement entered into by Carroll and Susan was unfair, inequitable and not supported by consideration at the time Carroll and Susan executed it. The contract was enforceable, and the conveyances were void; therefore, the original joint tenancy with rights of survivorship was still intact at Carroll's death, and Susan is entitled to the entire property.

      III.    *Statute of Limitations*

      IV.    *Homestead Exemption*

¶15. Susan argues that Socorro pleaded neither any statute of limitation nor any homestead exemption right which she now attempts to argue on appeal. As such, Susan asserts that Socorro waived those defenses. We agree. "One of the most fundamental and long established rules of law in Mississippi is that the Mississippi Supreme Court will not review matters on appeal that were not raised at the trial court level." *Shaw v. Shaw*, 603 So. 2d 287,

6

292 (Miss. 1992).

¶16.    In her reply brief, Socorro addresses the homestead exemption issue, but does not discuss her statute of limitations contention.  Also in her reply brief, she concedes that the homestead exemption issue was not brought before the trial court and submits that "it would better serve the ends of justice for this Court to apply the homestead statutes or to grant the relief requested in [her] pending [m]otion for [l]eave to [f]ile [a] MRCP 60(b) [m]otion."  After the parties had filed their initial briefs, Socorro filed a motion for leave of this Court to file a Rule 60(b) motion in the chancery court.  That motion was not ruled on by this Court when it was filed.  We now deny the motion.

¶17.    After a thorough examination of the record, we find no evidence that Socorro brought either the issues of the statute of limitations or the right to homestead exemption before the trial court, either during trial or in her post-trial motion for reconsideration.  She is not entitled to relitigate the issues on appeal.

¶18.    **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**