403 So.2d 148 (1981)
Catherine WEEKS
v.
Edward W. WEEKS.
No. 52857.
Supreme Court of Mississippi.
September 9, 1981.
David L. Coleman, Coleman & Phipps, Corinth, for appellant.
John C. Ross, Jr., Smith, Downs, Ross, Trapp & Coleman, Corinth, for appellee.
Before SMITH, BOWLING and HAWKINS, JJ.
BOWLING, Justice, for the Court:
Appellant, Catherine Weeks, and appellee, Edward W. Weeks, were granted a divorce on the ground of irreconcilable differences under a joint bill of complaint. As required, the parties entered into a property settlement agreement. Appellant received certain items of property. The agreement further provided that "second party [appellee] shall have the exclusive use, possession and control of the home owned by the parties herein," and "both parties agree that when said home is sold, the indebtedness shall be paid off and the profits left therefrom divided equally between the parties hereto." The divorce was granted by the Chancery Court of Alcorn County on December 1, 1978.
The parties had purchased the home in question in August 1977 by using a combination of funds from the sale of a prior home and money borrowed from appellee's father.
On May 16, 1980, appellant filed her petition requesting partition of the property under Section 11-21-3, Mississippi Code Annotated (1972). It was contended by appellee that appellant was not entitled to partite the property because of the provisions of the divorce property settlement, as set out above. The lower court decreed that appellee, under the terms of the divorce settlement, was entitled to the use, possession and control of the home owned by the *149 parties and that this was a binding agreement that prevented appellant's attempt to partite. Appellant appeals from the court's decree. We affirm.
Appellant primarily relies on the cases of Blackmon v. Blackmon, 350 So.2d 44 (Miss. 1977), and Welborn v. Welborn, 386 So.2d 722 (Miss. 1980). An examination of those cases reveals that the wife was granted the use and occupancy of the home of the parties being divorced and she later brought a suit for partition. It is readily seen that such a situation does not exist in the case sub judice. Appellee was granted the use and possession of the home so long as he lived therein, and he did not wish to move at the time the cause was tried in the lower court.
In the case of Weiner v. Pierce, 203 So.2d 598, 603 (Miss. 1967), we expressly stated:
Although the statute gives joint owners the right to have their property partitioned, the right is not one that cannot be restricted or limited for a reasonable length of time by contract, will, or deed. It is a well settled general rule that the right of partition may be limited by the provisions of the deed under which the parties claim and that joint owners may contract that their property will not be partitioned for a reasonable length of time.
We have held that property settlements under divorce actions are binding on the parties if fair, equitable and supported by consideration. See Stone v. Stone, 385 So.2d 610 (Miss. 1980), and Bunkley & Morse's, Amis on Divorce and Separation in Mississippi, §§ 11.03 and 16.09.
In 68 C.J.S., Partition § 44, we find the following:
The general rule is well settled that partition will not be granted at the suit of one in violation of his own agreement, since the agreement operates as an estoppel against the right to partition. An agreement within the operation of this rule may be oral where it has been so far performed that to allow its repudiation would be tantamount to allowing the commission of a fraud, but not otherwise. The agreement not to partition may be implied as well as express; and will be readily implied and enforced if such implication proves necessary to secure a fulfillment of an agreement between the cotenants, or if the granting of partition would destroy the estate sought to be partitioned.
We are not called on to adjudicate what a reasonable time would be in a divorce settlement for the party given the full use and occupancy of the home to exercise that right. In the present case appellee is paying $174 a month toward the debt owed on the property and the balance thereon at this time is over $11,000. Appellant is presumed to have known what she was agreeing to in the separation agreement. There is no evidence contrary in the record. We, therefore, hold that appellee is entitled to retain the exclusive use, possession and control of the property without partition by appellant so long as this use and occupancy does not extend to a time that clearly could be said to be unreasonable. Obviously, the reasonableness of such occupancy would depend on the facts of each particular case. It follows that the decree of the lower court was correct and the cause should be and it is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.