414 So.2d 429 (1982)
Amos RUSHING
v.
Virgie Louise RUSHING.
No. 53215.
Supreme Court of Mississippi.
May 26, 1982.
Gholson, Hicks & Nichols, Ralph E. Rood, Columbus, for appellant.
Douglas C. Stone, Jack H. Hayes, Jr., Columbus, for appellee.
Before PATTERSON, C.J., and BROOM and DARDEN, JJ.
DARDEN, Justice, for the Court:
This is a case that was appealed from the Chancery Court of Lowndes County, Mississippi in which the chancellor dismissed a bill for partition of real estate. We affirm.
The complainant and defendant in this case were tenants in common in thirty-four acres of land with a residence situated on the property. They had previously been married and were divorced in June, 1979. The basis of the divorce was irreconcilable differences and an agreement was reached and entered into between the parties in reference to the disposition of property, child support and other matters that arose in connection with the marital relationship. The chancery court approved the settlement agreement and it was incorporated in the divorce decree.
Among the provisions of that agreement were the following:
(1) HUSBAND AND WIFE have heretofore divided all personal property between them and have no joint financial obligations. WIFE is presently residing in the house on the thirty four acres of land in Lowndes County, Mississippi, owned jointly by HUSBAND and WIFE as tenants in common. HUSBAND agrees that WIFE may retain possession of and reside in said house.

*430 (2) HUSBAND agrees that he will not build a residence on the real property jointly owned by the parties except with the prior written consent of WIFE.
... .
(6) The parties hereto do hereby separately relinquish and release against each other all demands, actions, and rights of action of every nature and kind, other than those created by this contract and agreement, which they may have or hereafter acquire against each other arising from the marital relationship including, but not limited to, the right of inheritance and the right to renounce or receive the benefits of statutory renouncement of the Will of the spouse.
In September of 1980 the appellant filed an original bill for partition of the thirty-four acres under the provisions of Mississippi Code Annotated section 11-21-3 (1972). The appellee responded admitting the tenancy in common in the thirty-four acres but pleading the provisions of the property settlement and agreement in the divorce case in bar of the right of appellant to partition the property.
On the hearing of the case the chancellor found that the provisions of the agreement in the divorce case amounted to a contract by the appellant, which in effect gave up the right to a partition of the property at his instance.
Appellant on appeal assigns as error the action of the chancery court in sustaining the plea in bar on the grounds that the appellant had voluntarily or otherwise relinquished his right to partition and says that the court was in error in finding that the house and thirty-four acres should be treated as one unit. On the trial and here, appellant relies upon the holding in the case of Welborn v. Welborn, 386 So.2d 722 (Miss. 1980), as a basis for his contention that he has a right to partite the property. That case properly held that the chancery court in the divorce case could not divest title out of one of the parties and invest it in the other, and that to deny the wife the right to a partition of the commonly owned property would have that effect. We do not consider that that case is applicable in this situation and the chancellor was correct in so holding. Based upon our holding in Wiener v. Pierce, 203 So.2d 598 (Miss. 1967), the chancellor held that a right to partition might be restricted or limited by a contract for a reasonable period of time. Although there was no decision as to what constituted a reasonable period of time in the Wiener case, the period of restriction was forty-nine years and that was deemed to be a reasonable time under the facts of that case.
Since the decision of this case by the chancellor, this Court has handed down two decisions involving similar situations. In Weeks v. Weeks, 403 So.2d 148 (Miss. 1981), it was held that where a divorce settlement provided that the ex-husband had the exclusive use, possession and control of the house owned by the parties unless the same was sold, the ex-wife by the signing of the settlement agreement had given up any right to have the commonly owned property partited.
In the case of Sartin v. Sartin, 405 So.2d 84 (Miss. 1981), a wife by divorce decree was awarded the exclusive right to the possession of the property which had been the marital home of the parties. Subsequently the ex-husband undertook to have the property which was owned by himself and his ex-wife as tenants in common partited. In that case the holding was that partition would not be permitted in derogation of the decree which gave a former spouse the right to have the exclusive possession of the property as long as she remained unmarried.
In the instant case there was no provision in the settlement agreement that the thirty-four acres would be occupied by the ex-wife to the exclusion of the ex-husband. She was, however, given the right to occupy the residence which was located on the real estate in question. The ex-husband now comes in with the request that the property be partited, stating that if the Court should hold that it could not be partited in kind that it be sold and a division made of the proceeds of the sale after the payment of expenses and attorney's fees.
*431 Our statutes in reference to the partition of real estate, after providing for partition by agreement and by voluntary arbitration, also give the right of partition by decree of the chancery court upon the application of any tenant in common or joint tenant. There are two methods by which property can be partited. One is by a division into various parcels to be allocated to the parties by lot. If the chancellor finds that it is to be the best interest of the parties or is satisfied that an equitable partition in kind cannot be made, the property can be sold at public auction and the proceeds of the sale divided on the basis of the respective shares of ownership.
In the instant case, of course, there could be no physical division of the residence and the only alternative would be for the chancellor to find that a fair and reasonable division could be made by allocating the residence and a lot on which it stands as one share and some other portion of the thirty-four acres as an equal share, or a share that could be made equal by the payment of owelty. In that event the two shares would be allocated by the drawing of lots, as provided in Mississippi Code Annotated section 11-21-21 (1972), and there would be an equal chance that the ex-wife would be deprived of the ownership and consequently of the right to occupy the residence.
On the other hand, if it were determined that no equitable division of the property could be made and it were ordered to be sold, then, in that event, unless the wife bid it in, which she might or might not be able to do, she would likewise be deprived of the right of occupancy as provided in the settlement agreement.
It therefore appears that it would be either a certainty or there would be a fifty-fifty chance that in the event of partition the provision of the settlement agreement providing for the wife's occupancy of the residence would be nullified.
We do not reach the question as to whether or not paragraph six of the settlement agreement had the effect of preventing either of the parties from filing a bill for partition, because we believe that the provisions of paragraph one had the effect of preventing the husband from partiting the property which might annul the wife's right to occupy the house.
The decision of the chancellor in sustaining the plea in bar to the partition suit is accordingly affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.