BARNES, J.,
 

 for the Court:
 

 ¶ 1. Bryan Hawkins appeals the decision of the Chancery Court of Lamar County which denied his request to partition real property jointly titled to him and his former wife, Suzanne Hawkins. Bryan raises two issues: (1) whether the chancellor erred in ruling that the property settlement agreement implied that Bryan had “contracted his right of partition away” when he granted Suzanne the use and occupancy of the parties’ homestead, and (2) even if the chancellor was correct in
 
 *1214
 
 finding Bryan contracted away his right to partition, whether the chancellor should have found that the grant of “the use and occupancy of the homestead” by Suzanne was unreasonable. Finding no error, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In March 1988, a final judgment of divorce based on irreconcilable differences was entered in the Chancery Court of Lamar County for Bryan and Suzanne Hawkins, ending more than eighteen years of marriage. Attached to the judgment was an “Agreement and Property Settlement” (Agreement) which stated the parties had “reached a full and complete settlement as to all matters.” The Agreement provided for child custody for the couple’s two children (who were minors at that time), child support, and permanent alimony for Suzanne of $600 per month until her death or remarriage. Regarding the property settlement, paragraph X of the Agreement awarded Suzanne “the use and occupancy of the homestead,” with Bryan paying the monthly mortgage installments, which included taxes and insurance on the homestead.
 

 ¶ 3. Previously, Bryan filed two petitions to modify the final judgment: one in November 1995 and one in August 1998. The 1995 petition requested that the homestead be sold as the children were no longer minors, with Bryan to receive all of the proceeds from the sale. Suzanne answered with a counter-petition for contempt of court due to Bryan’s alleged failure to pay certain expenses and alimony ordered by the divorce judgment. In 1998, Bryan filed another “Complaint for Modification.” Suzanne duly answered and counter-petitioned for judicial conveyance of the property. However, in May 2005, the chancery court entered an order of dismissal without prejudice for lack of prosecution of the action.
 

 ¶4. In February 2008, Bryan filed the instant petition for modification, wherein he requested that Suzanne’s alimony be terminated and the marital home be sold, with his receiving an equitable division of any resulting equity. Before Suzanne filed a formal response to Bryan’s complaint, the parties appeared before the chancellor, who opined that the ultimate resolution of the case involved a question of law. Accordingly, the chancellor requested that the parties agree to the issues before the court, which they determined to be: (1) does the chancery court have authority to partition the property in question; and (2) did paragraph X of the Agreement create a life estate in the property in favor of Suzanne. The parties subsequently submitted memoranda of law on these issues.
 

 ¶ 5. In October 2008, the chancery court ruled that it did have the authority to partition the property, and paragraph X did not create a life estate for Suzanne. Further, the chancery court ruled in favor of Suzanne, stating that the partition could not be granted because an agreement not to partition the property was implied, since there was no termination clause in the Agreement. Bryan timely appealed.
 

 STANDARD OF REVIEW
 

 ¶ 6. This Court’s standard of review regarding a chancellor’s determinations is well established. The chancellor’s findings will not be disturbed on appeal unless the chancellor was “manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.”
 
 Nichols v. Funderburk,
 
 883 So.2d 554, 556 (¶ 7) (Miss.2004) (citing
 
 Tinnin v. First United Bank of Miss.,
 
 570 So.2d 1193, 1194 (Miss.1990)). However, the chancellor’s interpretation and application of law is reviewed de novo.
 
 Id.
 
 (citing
 
 *1215
 

 Tucker v. Prisock,
 
 791 So.2d 190, 192 (¶ 10) (Miss.2001)).
 

 ANALYSIS
 

 ¶ 7. Paragraph X of the Agreement provides the following:
 

 That Suzanne A. Hawkins shall be awarded the use and occupancy of the homestead of the parties, together with the furniture, furnishings and appliances contained therein, with the exception of the personal belongings of Bryan Kent Hawkins, and Bryan Kent Hawkins agrees to satisfy and pay the monthly mortgage installments on the homestead, it being understood that taxes and insurance on the homestead are included in the monthly mortgage payment.
 

 The chancellor found the terms of the award unambiguous and no language of limitation in the Agreement, and we find no error in this regard. For the two stipulated issues, the chancellor ruled that Mississippi Code Annotated section 11-21-3 (Rev.2004) grants the court the right to partition property “held by joint tenants, tenants in common, or coparceners,” and paragraph X did not create a life estate in favor of Suzanne. However, the chancellor went on to explain that he found the core issue, which was not raised by either party, is whether there is a right to partition the property. He concluded that an agreement between the parties not to partition is implied, and Bryan is estopped from asserting that right.
 

 ¶ 8. Bryan argues that the chancellor erred, as a matter of law, in ruling that paragraph X of the Agreement implied that Bryan “contracted his right of partition away” when he granted Suzanne “the ‘use and occupancy of the homestead’ without limitation.” Bryan contends that the plain language of the Agreement and the parties’ intent was not to limit the right to partition; therefore, the chancellor should have granted Bryan the partition. Bryan concludes that the chancellor improperly “rewrote” the Agreement by ruling that an agreement not to partition was implied.
 

 119. We disagree with Bryan’s contentions. The chancellor relied upon
 
 Weeks v. Weeks,
 
 403 So.2d 148, 149 (Miss.1981), which held that when a divorce settlement stated that the former husband had “the exclusive use, possession and control of the home owned by the parties,” the former wife, in consenting to the agreement, gave up any right to partition the jointly owned property, unless the parties agreed to sell the property. For authority, the
 
 Weeks
 
 court cited
 
 Wiener v. Pierce,
 
 203 So.2d 598, 603 (Miss.1967), which stated:
 

 Although the statute gives joint owners the right to have their property partitioned, the right is
 
 not
 
 one that
 
 cannot
 
 be restricted or limited for a reasonable length of time by contract, will, or deed. It is a well settled general rule that the right of partition may be limited by the provisions of the deed under which the parties claim and that joint owners may contract that their property will not be partitioned for a reasonable length of time.
 

 (Emphasis added.) Importantly, the “general rule is well settled that partition will not be granted at the suit of one in violation of his own agreement, since the agreement operates as an estoppel against the right to partition.”
 
 Weeks,
 
 403 So.2d at 149 (quoting 68 C.J.S.,
 
 Partition
 
 § 44). Finally, the right not to partition may be express or implied.
 
 Id.
 
 It is a long-standing rule that property settlements are not subject to modification: “[a] true and genuine property settlement agreement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character.”
 
 East v. East,
 
 493 So.2d 927, 932-33
 
 *1216
 
 (Miss.1986) (citing
 
 In re Estate of Kennington,
 
 204 So.2d 444, 449 (Miss.1967));
 
 see also McManus v. Howard,
 
 569 So.2d 1213, 1215 (Miss.1990) (agreements created during divorce proceedings are contracts “made by the parties, upon consideration acceptable to each of them, and the law will enforce them.”).
 

 ¶ 10. The chancellor noted the homestead in this case is jointly titled to Bryan and Suzanne. Section 11-21-3 gives the chancellor the right to partition the property of joint tenants; however, as stated in
 
 Wiener,
 
 the right to partition can be limited or restricted for a reasonable length of time. The Agreement is a binding, unambiguous contract. Because there is no mention in the Agreement of any limitation on Suzanne’s “use and occupancy of the homestead,” either express or implied, we agree with the chancellor in our de novo review of the case that it is implied that the parties agreed not to partition the property. In reading the unambiguous contract, we conclude, as did the chancellor, that the absence of a termination provision means that no termination of the terms was intended. As the chancellor stated, partitioning the property would be in violation of the intent of the Agreement; thus, Bryan is estopped from doing so.
 

 ¶ 11. Bryan argues that the chancellor erroneously relied on
 
 Wiener,
 
 reasoning that if the Agreement is not ambiguous, and there is no limiting language restricting the right to partition, the chancellor cannot find that the parties “contracted away” the right to partition. We find this argument wholly at odds with the unambiguous language of the Agreement, which states that Suzanne “shall be awarded the use and occupancy of the homestead.” Further, our supreme court has held otherwise in similar situations.
 

 ¶ 12. In
 
 Sartin v. Sartin,
 
 405 So.2d 84, 84 (Miss.1981), during divorce proceedings, the former wife was “awarded exclusive use and possession” of the jointly-owned marital home. Shortly thereafter, the former husband filed a bill for partition, claiming that the property was incapable of partition in kind, and he had an absolute right to partition under section 11-21-3.
 
 Id.
 
 at 85. Citing
 
 Weeks
 
 as authority, the
 
 Sartin
 
 court held the former husband was not allowed to partition the property and have the proceeds divided between himself and his former wife because it was in derogation of the decree, which gave the former wife the right to have the exclusive possession of the property as long as she remained unmarried.
 
 Id.
 
 at 86.
 

 ¶ 13. In
 
 Rushing v. Rushing,
 
 414 So.2d 429, 429 (Miss.1982), the supreme court affirmed a former husband’s preclusion from partitioning real estate owned by him and his former wife as tenants in common. The settlement agreement allowed the wife to reside in “and retain possession of’ the marital homestead, which was situated on thirty-four acres of land.
 
 Id.
 
 One year later, the former husband filed a petition seeking to partition the thirty-four acres of land pursuant to section 11-21-3.
 
 Id.
 
 at 430. Citing
 
 Weeks
 
 and
 
 Sartin,
 
 the supreme court held that such partition would have the effect of annulling the former wife’s right to occupy the homestead.
 
 Id.
 

 ¶ 14. Accordingly, we find no error in the chancellor’s reliance on
 
 Wiener,
 
 which is based upon the same rationale as
 
 Weeks
 
 and its progeny.
 

 ¶ 15. Bryan also argues that even if the chancellor was correct in finding Bryan “contracted away” his right to partition, the chancellor erred in denying the partition because the limitation on partition has been extended for an unreasonable length of time, contrary to the rule stated in
 
 Weeks
 
 and
 
 Wiener.
 
 Here, the divorce and Agreement were entered more than twenty years ago, and the parties’
 
 *1217
 
 children are now adults. Again, we find Bryan’s argument is without merit. In
 
 Weeks,
 
 the supreme court was not called upon to determine what would be a “reasonable time” for a party to have the full use and occupancy of the homestead in this situation and, therefore, gave no guideline for what would constitute a “reasonable” time, except to state that use and occupancy, without partition, did “not extend to a time that clearly could be said to be unreasonable.”
 
 Weeks,
 
 403 So.2d at 149. Instead, the court held the “reasonableness” determination would be made on a case-by-case basis.
 
 Id.
 

 ¶ 16. As in
 
 Weeks,
 
 here, it is presumed that Bryan knew what he was agreeing to in the plain, unambiguous language of the property settlement, and there is no evidence to the contrary. We find this situation is analogous to the situation where a decedent leaves his/her widow/widower property. Mississippi Code Annotated section 91-1-23 (Rev.2004) exempts property from partition or sale for partition during the widowhood “as long as it is occupied or used by the widow [or widower] unless she [or he] consent.” The Agreement here granted Suzanne the use and occupancy of the former marital homestead, without limitation as to time.
 

 ¶ 17. We conclude the chancery court did not err in denying Bryan’s petition to partition the homestead property.
 

 ¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ, IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.