989 So.2d 494 (2008)
Isaac CATHEY, Kathryn Cole Davis, Ross Collins, Addelene Cole Bowen, Verleado Cole Tunstall, Rosie Cole, Lenwood Cathey, et al., Appellants,
v.
McPHAIL & ASSOCIATES, INC., Appellee.
No. 2007-CA-00830-COA.
Court of Appeals of Mississippi.
August 26, 2008.
*495 Frederick B. Clark, attorney for appellants.
M. Lee Graves, Clarkdsdale, attorney for appellee.
Before MYERS, P.J., IRVING and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. At a hearing held on March 6, 2007, the Chancery Court of DeSoto County ordered the sale of approximately 160 acres located in DeSoto County to McPhail & Associates, Inc. The land in question had a large number of heirs, some of which owned only a small interest. Earlier, a portion of the heirs had sought to partition and settle their ownership interest in the land. Isaac Cathey appeals the judgment of the chancery court ordering partition by sale of the land to McPhail.

FACTS AND PROCEDURAL HISTORY
¶ 2. The real property that is the subject of this litigation had approximately 300 heirs, some of whom sought a division of the property. All the heirs are co-tenants having various percentages of ownership interest in the property. There was a dispute as to whether the property should be partitioned in kind or by sale. There was also difficulty in establishing the identities of all those with an interest in the proceedings. After many complaints were filed and amended by some of the heirs, and after an aborted attempt to approve a contract for the sale of the land, the chancery court ordered approximately 160 acres of land sold and approved the contract of sale to McPhail.

STANDARD OF REVIEW
¶ 3. An appellate court will only overturn a chancellor's decision regarding the partition of property if it is determined that the chancellor committed manifest error. Miles v. Miles, 949 So.2d 774, 778(¶ 16) (Miss.Ct.App.2006) (quoting In re Will of Lynn, 878 So.2d 1052, 1055(¶ 11) (Miss.Ct.App.2004)). In other words, a chancellor's findings will not be overturned "unless the chancellor was manifestly wrong, clearly erroneous or applied an erroneous legal standard." Id. (quoting Necaise v. Ladner, 910 So.2d 699, 701(¶ 5) (Miss.Ct.App.2005)).

I. WHETHER THE CHANCELLOR ERRED IN PARTITIONING THE REAL PROPERTY BY SALE INSTEAD OF IN KIND.
¶ 4. A partition in kind, rather than a partition by sale, is the preferred method of dividing property in Mississippi. Fuller v. Chimento, 824 So.2d 599, 601(¶ 8) (Miss.2002). However, in some cases, partition by sale is utilized when partition in kind is not feasible. Miss.Code Ann. § 11-21-11 (Rev.2004). Specifically, if a court finds that partition by sale "will better promote the interest of all parties than a *496 partition in kind, or if the court be satisfied that an equal division [of the land] cannot be made, it shall order a sale of the lands." Id. "Affirmative proof of at least one of these statutory requisites must affirmatively appear in the record in order for the court to decree a partition by sale." Unknown Heirs at Law of Blair v. Blair, 601 So.2d 848, 850 (Miss.1992) (citing Vinson v. Johnson, 493 So.2d 947, 948 (Miss. 1986)). "[T]he chancellor has no authority to decree a sale unless the statutory requisites are `clearly' met and a `substantial reason' exists for choosing partition by sale over partition in kind." Id. (citing Shorter v. Lesser, 98 Miss. 706, 712, 54 So. 155, 156 (1911)). In addition, "[t]he joint owner seeking a partition sale has the burden of proving that the land is not susceptible of partition in kind and that a sale is the only feasible method of division." Fuller, 824 So.2d at 602(¶ 10).
¶ 5. Cathey argues that the property should be partitioned in kind rather than by sale. In support of this contention, Cathey points out that the group he represents owns 79.04 acres out of the roughly 160 acres in dispute and that McPhail owns 44.6 acres, with the defaulted defendants owning only 33.86 acres. Cathey argues there is nothing in the record indicating that it would be in the best interest of all the parties to sell the property; thus, McPhail failed to meet the necessary burden of proof. Cathey contends that McPhail was the only co-tenant who asked that the property be partitioned by sale and that there was no evidence that the property value would be diminished by a division of the property in kind.
¶ 6. McPhail argues that affirmative evidence received by the chancellor proved that partition in kind was not feasible because of the largely diverse nature of the acreage in question, the large number of record owners, and the lack of access. McPhail contends the chancellor also correctly determined that because of the large expense already incurred in attempting to settle the dispute and the large number of heirs, partition by sale would serve the best interest of all parties.
¶ 7. In this case, the chancellor determined that the property was not subject to partition in kind because: (1) part of the property lies in swampy or low-lying areas, part in a flood zone, other parts in hilly terrain, and the part in the northwest corner contains mature timber; (2) lack of access for the number of record owners that would need to be satisfied as a result of the limited frontage across the east and on the southern portion; (3) the large number of individual interests, some interests being extremely small; and (4) the $20,000 in existing expenses from the partition with no way to cover expenses other than by sale of the property. While partition in kind is the preferred method of property division in Mississippi, the chancellor in this particular case articulated specific reasons for finding that it would serve the best interest of all parties to partition the property by sale. Reviewing the specific reasons for the chancellor's findings, this Court finds no manifest error. Therefore, we affirm.

II. WHETHER THE CHANCELLOR ERRED IN APPROVING THE PARTITION BY SALE TO CO-TENANT MCPHAIL.
¶ 8. Cathey contends that all proceedings prior to August 22, 2005, were void and that there was no valid acceptance by the heirs of the contract of sale to McPhail, and all the defendants were not properly served. Thus, Cathey argues that the chancellor erred in approving the contract of sale to McPhail. Further, Cathey points out that University Cathey, the original owner of the acreage, never had an estate opened or an administrator *497 appointed to handle his estate. Cathey also argues that the chancellor erred in approving the offer made by McPhail over that of Lenwood Cathey, who Cathey alleges made a higher offer for the land. Thus, Cathey argues that the land should have been partitioned in kind and, in the alternative, if the land should have been sold, it should have been offered at a public auction rather than by a private sale.
¶ 9. McPhail argues that all parties had proper notice of the hearing to determine whether to approve the contract of sale to McPhail. McPhail acknowledges that an earlier petition did not include all the heirs to the property, but that error was later corrected in the form of an amended petition with proper service on all parties. Additionally, McPhail argues that under Mississippi Code Annotated section 11-21-9 (Rev.2004) the chancery court had the right to adjust the equities between the claims of the co-tenants in the partition proceedings. McPhail argues that the chancellor was fully within his discretion to approve the contract, which had been pleaded in the amended complaint. Further, McPhail contends that none of the Catheys appeared at the hearings after receiving proper notice.
¶ 10. The chancellor found that the contract between the heirs and McPhail was in excess of any appraised value before the chancery court. McPhail first offered to purchase the property on September 18, 2003, and a large number of heirs accepted the offer in writing. Subsequently, a suit was commenced to begin the approval of the contract for the sale to McPhail and the sale of the property. However, all heirs were not included in the contract at that time, causing the earlier sales contract to be set aside. On March 6, 2007, the chancery court re-adopted the same contract and language dating from the earlier September 18, 2003, contract, approving the sale of the property to McPhail and splitting the proceeds from the sale in proportionate shares to the owners of the property. The chancery court ordered that any proportionate values that could not be tendered directly to unknown or unlocated persons should be tendered to the clerk of court. We find no error with the chancery court's partition and approval of the contract of sale to McPhail.
¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.