GRIFFIS, P.J.,
for the Court:
¶ 1. Two unmarried, romantically involved people bought a house together as joint tenants. The man paid the purchase price for the home, and the woman paid nothing. Later when the relationship soured, he filed suit in chancery court to partite the property. The chancellor awarded him the entire amount he had paid for the house, giving his former lover and joint tenant nothing. She appeals. Finding no error in the chancellor’s judgment, we affirm.
FACTS
¶ 2. Anthony Graphia and Carolyn Jones were romantically involved, but never married. Each lived in Louisiana. On March 26, 2010, they purchased a home in Dia-mondhead in Hancock County, Mississippi, as joint tenants with the right of survivor-ship, and not as tenants in common. Graphia and Jones had dated for two years prior to buying the home. It was their intention at the time to marry and live in the Mississippi home.
*753 ¶ 3. It was undisputed that the purchase price of the home, $274,000, was paid entirely by Graphia. He also paid all the utilities, the insurance, the taxes, and the dues for the property owners’ association. Jones testified that she helped decorate the home, hung draperies, and used some of her furnishings in the home.[1]
¶ 4. The relationship waned, after which Graphia filed suit in Hancock County Chancery Court to partition the property. Graphia contended that the property was incapable of division in kind, and that even if it were, that he should be allowed an equitable adjustment since he alone purchased the property. Jones answered denying the allegations. Jones filed a motion for summary judgment claiming that the parol-evidence rule would not allow a court to look beyond the language of the deed, which names the parties as joint tenants with rights of survivorship.
¶ 5. In her motion for summary judgment, Jones argued that as a joint tenant she was entitled to a share of the funds from the sale of the home. She cited Thornhill v. Chapman, 748 So.2d 819 (Miss.Ct.App.1999), for the proposition that the chancellor should not have allowed Graphia to testify about how much he paid for the property, as that was a violation of the parol-evidence rule. The summary-judgment motion was denied, and a trial was held, after which the chancellor ruled that he could adjust the equities between the parties pursuant to Mississippi Code Annotated section 11-21-9 (Rev.2004). Further, the chancellor applied Mississippi Code Annotated section 11-21-33 (Rev. 2004), which allows the chancellor to use owelty in a partition action, and awarded Graphia $274,000, the amount of the purchase price. The chancellor allowed Jones to retrieve any personal belongings remaining in the home.
STANDARD OF REVIEW
¶ 6. This Court has a limited standard of review in appeals from the chancery court. Tucker v. Prisock, 791 So.2d 190, 192 (¶ 10) (Miss.2001). The standard of review of a chancellor’s decision is abuse of discretion. Creely v. Hosemann, 910 So.2d 512, 516 (¶ 11) (Miss.2005). An appellate court “will not disturb the factual findings of a chancellor when supported by substantial evidence unless we can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous[,] or applied an erroneous legal standard.” Biglane v. Under the Hill Corp., 949 So.2d 9, 13-14 (¶ 17) (Miss.2007) (quoting Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996)). However, on questions of law, appellate courts employ a de novo standard of review. Id.; Tucker, 791 So.2d at 192 (¶ 10).
ANALYSIS
¶ 7. Before we address the issues in this appeal, we must discuss the peculiarities of the joint tenancy. The Mississippi Supreme Court has held that “the distinguishing characteristic of a joint tenancy is the right of survivorship.” In re Admin. of Estate of Abernathy, 778 So.2d 123, 129 (¶ 24) (Miss.2001) (citing Vaughn v. Vaughn, 238 Miss. 342, 349, 118 So.2d 620, 622 (1960)). By virtue of survivor-ship, the property descends outside of probate from the deceased joint tenant to the surviving joint tenant. John E. Cribbet, Principles of the Law of Property 99 *754 (1975). The requirements for the creation of a joint tenancy with right of survivor-ship in land are governed by statute.[2] Ownership of the whole and then taking the whole by survivorship are the outstanding features of owning property as joint tenants. Id. at 99. The decedent’s share does not have to pass to the survivor because the survivor already owns the whole. The usefulness of the joint tenancy as one property-law expert explained is that it serves as a “poor man’s probate.” Id. at 102.
¶ 8. With the above said about joint tenancy and its feature of survivorship, one point becomes clear about this case: Jones owned the whole along with Graphia while they were joint owners. However, when Graphia filed to partite the property, as joint tenants are allowed to do,[3] then Jones’s interest was subject to division by the chancellor. Prior to the chancery proceeding, Jones enjoyed the ownership of the whole. Jones lost this enjoyment when Graphia, her joint tenant, filed for partition. Had Graphia died, Jones, as the only other joint owner, would have owned the whole by herself. But since there was no death, the joint tenants had to give testimony during the partition hearing concerning their contributions to buying the house.
¶ 9. We next turn to the decision of the chancellor to partite the property and give all of the sale proceeds to Graphia. Jones cites Johnson v. Johnson, 550 So.2d 416, 420 (Miss.1989), for the proposition that when a property owner agrees to own property jointly with another, the common law presumes that the owner intended to gift the one-half interest to the other property owner. First and foremost, Johnson was abrogated in Pearson v. Pearson, 761 So.2d 157, 163 (¶ 16) (Miss.2000), when the court noted that Johnson was pre-Fergu-son and that the Johnson holding was just an equitable way for a court to divide marital property. The Pearson court held that consideration of the Ferguson factors would now serve that function. Secondly, Pearson involved married individuals who had collected assets together for seventeen years, rather than an unmarried couple in a short relationship as in this case.
¶ 10. Jones argues that the chancellor erred when he found that Jones would be unjustly enriched if she were awarded any part of the partition sale.
¶ 11. The chancellor, as an alternative ground to his decision, found that awarding Jones an equal share of the purchase price, to which she contributed no purchase funds and very little sweat equity in *755 the property, would unjustly enrich her. The chancellor found that Jones contributed nothing to the acquisition of the property and that she had no equity interest in the property. The chancellor cited Mississippi Code Annotated section 11-21-9, which allows him to determine all questions concerning title. “The court may adjust the equities between and determine all claims of the several cotenants as well as the equities and claims of encumbranc-ers.” Id.
¶ 12. We remain mindful of our limited standard of review with regard to a chancellor’s findings. Here we find no error of law or of fact. As joint tenants, either party could have filed for partition after the relationship soured. Graphia did so. Then, the duty fell to the chancellor to adjust the equities and determine the claims of the joint tenants. Here, we have two unmarried adults who titled property as joint tenants with the right of survivor-ship, and not as tenants in common. It was undisputed that Graphia paid the $274,000 purchase price for the home, plus utilities, insurance, club dues, and taxes. It was undisputed that Jones paid nothing. Had Graphia died, Jones would have bene-fitted from the joint tenancy and become the sole owner. However, as joint tenants are allowed to do, Graphia sought partition and allowed the chancellor to decide the issues. The chancellor found that Graphia should receive the total purchase price since he had paid it and that Jones should receive nothing since she had made no contribution. We find no error in the chancellor’s decision.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, ROBERTS AND RUSSELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY FAIR, J.; IRVING, P.J., AND MAXWELL, J., JOIN IN PART. MAXWELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. Graphia testified that Jones wanted to be a joint owner and that she agreed to give him fifty percent ownership of her town home in Baton Rogue, Louisiana, in return for including her as a joint tenant of the Mississippi property. However, Graphia testified that this never happened.

. Mississippi Code Annotated section 89-1-7 (Rev.2011) provides:
All conveyances or devises of land made to two (2) or more persons, including conveyances or devises to husband and wife, shall be construed to create estates in common and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety with the right of survivorship. But an estate in joint tenancy or entirety with right of survivorship may be created by such conveyance from the owner or owners to himself, themselves or others, or to himself, themselves and others. An estate in joint tenancy or entirety with right of survivorship between spouses may be terminated by deed of one spouse to the other without necessity of joinder of the grantee spouse and without regard to whether the property constitutes any part of the homestead of the spouses.
(Emphasis added).

. See Miss.Code Ann. § 11-21-3 (Rev.2011). In addition to partitioning real property, a chancellor may adjust the equities between cotenants by, for example, adjusting the amount paid by one cotenant for improvements made to the property, or for taxes paid and other related expenses. Miss.Code Ann. §§ 11-21-11, 11-21-27 (Rev.2004).