# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01813-COA

**ROBERT E. COLEMAN**                                                  **APPELLANT**

**v.**

**BEVERLY LYNN COLEMAN**                                              **APPELLEE**

DATE OF JUDGMENT:            12/01/2014
TRIAL JUDGE:                 HON. H.J. DAVIDSON JR.
COURT FROM WHICH APPEALED:   LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      W. HOWARD GUN
ATTORNEY FOR APPELLEE:       ROY ANDRE' PERKINS
NATURE OF THE CASE:          CIVIL - REAL PROPERTY
TRIAL COURT DISPOSITION:     APPELLEE AWARDED OWNERSHIP OF
                             HOUSE UPON PAYMENT OF $34,103.70 TO
                             APPELLANT
DISPOSITION:                 AFFIRMED: 01/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     During their marriage, Robert and Beverly Coleman built a home together. Their

relationship ended in divorce. In the divorce, the court granted Beverly use of the home until

their son reached the age of majority. When this occurred, the Colemans came back to court

for a division. The chancellor granted Beverly sole ownership of the home and granted

Robert the amount of money he put into the home along with his percentage of the increased

value of the home. Robert appeals this judgment. We find no error and affirm.

FACTS

¶2.    In their 2002 divorce, Beverly was granted "exclusive use and possession of the marital residence" until their child reached the age of majority. The home is situated on family land deeded to Beverly and Robert by Beverly's mother. As instructed in the divorce decree, Beverly paid the monthly mortgage payments, taxes, and insurance for the home after the divorce. Robert was to divide equally with Beverly any maintenance payments regarding the home, but he never did. The court's judgment gave no instruction as to what would occur when the child reached the age of majority.

¶3.    In 2013, their child turned twenty-one years old. Beverly filed a petition with the court and asked for exclusive possession, title, and ownership of the home. Robert filed an answer and a counterclaim to partition the land. He later filed a motion for summary judgment on his counterclaim for the partition of the land, requesting that the court go forward in the matter as a partition rather than a modification of the divorce decree. The chancellor granted summary judgment to the extent that the court instructed the parties to proceed with the partition. The judge concluded that "the parties are not married, the property is no longer the marital homestead and the property is subject by law to a division by partition as provided by statute."

¶4.    Following a hearing on the partition, the chancellor granted title to Beverly. Beverly was instructed to pay Robert $34,103.70. This amount constitutes half of the equity in the home at the time of the divorce adjusted for the increased value of the home. Robert now appeals, claiming that the trial court abused its discretion by improperly modifying the divorce decree and inequitably partitioning the home. It is from this judgment that Robert

2

now appeals.

STANDARD OF REVIEW

¶5.     This Court has a limited standard of review in appeals from the chancery court. *Jones v. Graphia*, 95 So. 3d 751, 753 (¶6) (Miss. Ct. App. 2012). The standard of review as to a chancellor's decision is abuse of discretion. *Id.* This Court "will not disturb the factual findings of a chancellor when supported by substantial evidence unless we can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard." *Id.* (quoting *Biglane v. Under the Hill Corp.*, 949 So. 2d 9, 13-14 (¶17) (Miss. 2007)). This Court reviews questions of law de novo. *Id.*

ANALYSIS

¶6.     Mississippi Code Annotated section 11-21-9 (Rev. 2004) allows the chancellor to determine all questions concerning title. *Jones*, 95 So. 3d at 754 (¶11). Mississippi's statutes "in reference to the partition of real estate . . . give the right of partition by decree of the chancery court upon the application of any tenant in common or joint tenant." *Rushing v. Rushing*, 414 So. 2d 429, 431 (Miss. 1982).

    I.      *Whether the chancellor improperly modified the divorce decree.*

¶7.     "A cotenant wishing to partite real property subject to a divorce decree is not required to file suit to modify the decree, but may exercise her statutory right to partition by filing a petition for partition." *Mosby v. Mosby*, 962 So. 2d 119, 123 (¶12) (Miss. Ct. App. 2007) (citing *Blackmon v. Blackmon*, 350 So. 2d 44, 46 (Miss. 1977)). Robert argues that the

3

chancellor essentially modified the divorce decree and that this modification was improper.

¶8.    "This argument is without merit because the chancellor clearly granted the petition for partition and did not, in fact, modify the decree." *Id.*  Robert requested a partition, and the chancellor stated in his judgment that "the parties are no longer married, the equities need to be adjusted[,] and the partition statutes provide a sound method of arriving at a just and equitable result."  The court "proceeded accordingly under partition."  As the chancellor's decision was based upon the partition statutes and he did not modify the divorce decree, the Court finds this issue without merit.

> II.    *Whether the chancellor abused his discretion in the partition of the home*.

¶9.    When parties seek a partition of land, "the question of title shall be tried and determined in the suit and the court shall have power to determine all questions of title." Miss. Code Ann. § 11-21-9.  In doing so, "[t]he court may adjust the equities between and determine all claims of the several cotenants . . . ." *Id.*

¶10.   Generally, "a partition in kind, rather than a partition by sale, is the preferred method of dividing property in Mississippi." *Cathey v. McPhail & Assocs.*, 989 So. 2d 494, 495 (¶4) (Miss. Ct. App. 2008) (citing *Fuller v. Chimento*, 824 So. 2d 599, 601 (¶8) (Miss. 2002)). Robert and Beverly agreed that the home could not be divided in kind and that it should be sold under statute.  They also agreed to a private sale to allow Beverly to purchase the home. A chancellor may order the sale of property and "a division of the proceeds among the cotenants according to their respective interests." Miss. Code Ann. § 11-21-11 (Rev. 2004). As both parties agreed to a sale, the chancellor essentially needed to "adjust the equities

between and determine all claims" of Robert and Beverly and divide "the proceeds" between Beverly and Robert "according to their respective interests." Miss. Code Ann. §§ 11-21-9 & 11-21-11.

¶11. Beverly paid the mortgage over twelve years, paring down the mortgage and building equity in the home. In 2014, when the partition was granted by the chancellor, the home was valued at $187,000. The equity in the home at that time was $144,787.73, with a mortgage balance of $42,212.27. At the time of the divorce, the home was valued at $115,000, with a mortgage balance of $72,585.36.

¶12. Beverly also paid for the insurance on the home and the taxes, and she in turn received the benefit of living on the property. Though Robert was ordered in the divorce decree to split maintenance costs on the home equally with Beverly, it is undisputed that he never paid for any maintenance. The chancellor set Robert's amount of equity in the home prior to the divorce at $21,000 – essentially half of the payments made on the home prior to the divorce. This calculates to a 18.26% interest in the home, the same as Beverly's interest at the time of the divorce. Thus, Robert's interest in the home at the 2014 appraisal value was $34,146.20.

¶13. The chancellor found that Beverly should receive the benefit of the mortgage payments made on the home. He reasoned that Robert received a benefit because his interest in the home grew due to Beverly's continued payments on the home. The chancellor found that "it [was] equitable to give Robert the benefit of the appreciation equity, but to allow him to profit from the efforts and payments of Beverly would not be equitable." In sum, the court

concluded that "Robert did not pay any of the required expenses, so he should not get any credit; however, neither should he have to pay for his displacement . . . from the property. Beverly's efforts paid down the mortgage and she should get that benefit; however, she did not pay rent for the use and occupancy of Robert's one[-]half."

¶14.    Finally, Robert's share was reduced by $42.50, one-half of the cost of a bathroom heater installed in the home.  The heater was considered an improvement under the partition statute.  *See* Miss. Code Ann. § 11-21-27 (Rev. 2004).  This left a total of $34,103.70 owed to Robert for his share of the home.

¶15.    Keeping in mind the appropriate standard of review, this Court holds that the chancellor's findings of fact and conclusions of law are supported by substantial evidence and are not an abuse of discretion.  Robert did not provide any alternatives to the findings of the chancellor.  Furthermore, the parties both agreed that a sale to Beverly was ideal.  The chancellor's well-reasoned conclusions are supported by the record and the briefs of the parties.  The partition statutes allow for the chancellor to divide the proceeds among the cotenants according to their interests in the property.  Miss. Code Ann. § 11-21-11.  After inspecting the record, this Court is unable to see that Robert was denied any of his rights as a cotenant in the chancellor's final decree.  Finding no error, this Court affirms.

¶16.    **THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

        **LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**