# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00767-COA

**BRIAN BURNS**                                                    **APPELLANT**

**v.**

**SONADOR REI LLC**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2018 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | NOAH MANASEH DRAKE |
| ATTORNEY FOR APPELLEE: | ROGER LANE McGEHEE JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 09/03/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     The issue before this Court is one of standing. Brian Burns appeals the Hinds County Chancery Court's decision to confirm patent and quiet title for 469 Rockdale Drive, Jackson, Mississippi 39206. The State of Mississippi acquired the possessory rights to the property as a result of Brian Burns's failure to pay his 2012 property taxes. Burns allowed the two-year redemption period to expire without payment, and the State sold the property to Sonador Rei LLC on October 21, 2016.

¶2.     After Burns discovered Sonador's owner, James Gosa, on the property in November 2016, he sued Sonador for trespass. At the same time, Sonador filed suit in accordance with Mississippi Code Annotated section 11-17-3 (Rev. 2004) to confirm the tax patent and quiet

title. The chancellor confirmed the tax patent. Burns, who at the time of the judgment was not a party to the lawsuit against the State, filed a motion to set aside the judgment confirming title. The court denied Burns's motion, citing Burns's failure to challenge the validity of the tax sale. This Court finds that Burns lacks standing to challenge the chancellor's judgment because he had no interest in the subject property after it was sold to Sonador. For that reason, we affirm the chancellor's judgment.

**FACTS**

¶3. On August 26, 2013, the State acquired the subject property for failure to pay taxes in 2012. At that time, Burns owned the property. After the two-year redemption period expired without payment of the taxes, the chancery clerk certified the property to the Secretary of State. Burns, apparently unaware that the property had been sold to the State, continued to live at 469 Rockdale Drive.

¶4. On October 21, 2016, Sonador purchased the property from the State by way of a tax-forfeited land patent. James Gosa, the owner of Sonador, testified that it was his normal custom to go and see the properties he acquired as investments. Gosa attempted to meet with Burns on three separate occasions, but Burns never appeared. On November 11, 2016, Gosa returned to the property he purchased from the State and found Burns there. Gosa testified that Burns told him that the taxes had been paid on the property and that Burns was the rightful owner. Gosa tried to get Burns to agree to go to the chancery clerk's office to find the discrepancy, but Burns refused.

¶5.    After Burns left, Gosa changed the locks on the property. Gosa testified that while the locks were being changed, a police officer showed up responding to a report of a breaking and entering. Gosa produced his paperwork, and the officer responded that "this [was] a false alarm."

¶6.    The events of November 11, 2016, led Burns to file his complaint for trespass against Sonador on November 18, 2016. Shortly thereafter on December 29, 2016, Sonador filed suit against the State to confirm the tax patent and quiet title. Burns was not personally served, but Sonador did serve "any and all persons or parties" that claimed to have interest in the land by publication in the Northside Sun on January 12, January 19, and January 26, 2017.[1] The chancery court entered a final judgment that confirmed the tax patent on February 16, 2017. Burns filed a motion to set aside the judgment. The court denied the motion and found the following:

> Defendant Burns has raised no issues with regard to the validity of the tax sale. Likewise, Defendant Burns has presented no evidence challenging the validity of the tax sale. The tax sale comported with all statutory procedures and Defendant Burns has failed to provide proof to the contrary.

After numerous motions for reconsideration and relief, all met with denials by the chancery court, Burns filed his notice of appeal.

---

[1] Mississippi Code Annotated section 11-17-3 (Rev. 2004) provides that an individual who wishes to confirm title "by virtue of any patent issued by the state for lands forfeited to the state for nonpayment of taxes" need only proceed as a plaintiff against the state. There is no statutory requirement to provide notice to any and all potential claimants to the property.

**STANDARD OF REVIEW**

¶7. When reviewing the decision of a chancellor, this Court's scope of review is limited. "An appellate court will not disturb the factual findings of a chancellor when supported by substantial evidence unless we can say with reasonable certainty that the chancellor abused his discretion, the decision was manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard." *Seymour v. Turner*, 228 So. 3d 343, 345 (¶5) (Miss. Ct. App. 2017) (quoting *Jones v. Graphia*, 95 So. 3d 751, 753 (¶6) (Miss. Ct. App. 2012)). Questions of law are always reviewed de novo. *Id*.

**ANALYSIS**

¶8. Burns argues four separate issues on appeal: (1) that his motion to set aside the judgment and dismiss with prejudice, his motion for reconsideration, and his motion for relief were timely and proper; (2) Sonador was required to serve Burns with notice; (3) the chancellor should have considered Burns's "colorable defenses"; and (4) that the actions of Sonador have prejudiced Burns. But Burns also claims that "the sole issue is whether the Hinds County Chancery Court abused its discretion by denying [his] motion to set aside the default judgment and to dismiss on the basis of ineffective service of process." We find, however, that Burns lacks standing to raise any issues for our review on appeal.

¶9. "It is well settled that Mississippi's standing requirements are quite liberal" compared to the standing requirements set out in Article III of the United States Constitution. *SASS Muni-V LLC v. DeSoto County*, 170 So. 3d 441, 446 (¶13) (Miss. 2015) (internal quotation

4

marks omitted). For a party to have standing, the party must "assert a colorable interest in the [subject matter] of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise authorized by law." *Id.* (quoting *Fordice v. Bryan*, 651 So. 2d 998, 1003 (Miss. 1995)). A interest that "appear[s] to be true, valid, or right" is considered a "colorable" interest. *Id.* (quoting *Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 827 (¶13) (Miss. 2009)). "An individual's legal interest or entitlement to assert a claim against a defendant must be grounded in some legal right recognized by law, whether by statute or common law." *Id.* (quoting *City of Picayune v. S. Reg'l Corp.*, 916 So. 2d 510, 525 (¶40) (Miss. 2005)). While not raised by the parties, "[s]tanding is a jurisdictional issue [that] may be raised by any party or the Court at any time." *City of Madison v. Bryan*, 763 So. 2d 162, 166 (¶20) (Miss. 2000) (internal quotation marks omitted).

¶10. Had Burns paid his taxes, he could potentially have standing. At trial, Burns argued that he had paid his taxes, but that there was a clerical error. He testified as follows:

Q: You bought [the subject property] in 2011, paid taxes for 2011; is that correct?

A: No. [The previous owner] paid the taxes for 2011.

Q: She paid taxes. But you didn't pay any taxes for '12, '13, '14, '15, '16 until like, last fall or this year?

A: No. I paid the taxes -- what happened, they told me downstairs that when I came up here to pay the taxes, they took the payment, but they didn't update the system, and I advised Mr. -- I said it's a mistake in the system. They gave me stamped receipts, and I have them with me now. They updated in the system, but if you log on now it's still not showing the taxes were paid. So when I came up to the second floor and they

5

told -- I asked them, I said, "What's going on?" The system ha[s]n't updated, and they ended up sending your property to the tax sale, so I said, "How is that possible?" And they end up putting the strike letters in and correcting their mistakes, they gave me a copy and said ["]if anyone give[s] you any issues about the property or my taxes, present these receipts to them and everything should be fine.["]

Q:     So you paid these taxes in what month?

A:     I paid them – I got to check the receipts.  I don't know.  I paid them -- I don't know.  Check the receipts.

These receipts, however, were never introduced into evidence.  Had Burns produced the receipts he claimed to have and those receipts actually demonstrated a clerical error, his standing to appeal may not be an issue.  The record, however, is silent as to any concrete evidence that Burns ever paid his taxes on the property.  What is more, Burns never once attacked the validity of the tax sale.

¶11.    Recently, the Mississippi Supreme Court addressed a similar set of facts in *Green Hills Development Company LLC v. State*, No. 2018-CA-00182-SCT, 2019 WL 3228511 (Miss. July 18, 2019).   In that case, Green Hills had failed to pay taxes on the subject property, which caused the State to sell the property as a land patent.  *Green Hills Dev. Co.*, 2019 WL 3228511, at *1 (¶1).  Green Hills appealed and claimed, among other things, that they did not lack standing.  *Green Hills Dev. Co.*, 2019 WL 3228511, at *4 (¶4).  The supreme court held that Green Hills was unable to "challenge the Secretary of State's handling of the application process," because it did not own the subject property.  *Green Hills Dev. Co.*, 2019 WL 3228511, at *35 (¶35).  Furthermore, the supreme court relied on

6

Mississippi Code Annotated section 29-1-21 (Rev. 2010), which provides: "[t]he courts shall not recognize claims by the original owners, his heirs or assigns after unredeemed lands are sold to the state for taxes and received by the Secretary of State's office . . . ." *Id*. at (¶35). The same can be said here. Not only is Burns unable to challenge how the Secretary of State handled the land patent sale, this Court will not "recognize claims by [Burns], his heirs or assigns" when he had every opportunity to redeem his property, but failed to do so. Our conclusion here is supported by and is consistent with the supreme court in *Green Hills*: Burns "has no standing to challenge the Secretary of State's handling of the application process."[2] *Green Hills Dev. Co.*, 2019 WL 3228511, at *35 (¶35).

¶12. The record indicates that Burns did not have a "colorable interest" in the property after the State acquired it on August 26, 2013. Mississippi Code Annotated section 27-45-3 (Rev. 2017) carves out a period of two years "from the date of the sale in which to redeem such property from such sale." Burns never paid those taxes, nor made any attempt to redeem the property. As a result, the State sold the property to Sonador on October 21, 2016, pursuant to Mississippi Code Annotated section 29-1-1 (Rev. 2010). Burns's later claim of trespass was invalid since he did not own the property, and, in reality, he was trespassing on Sonador's property beginning on October 21, 2016. Because Burns lacks standing, we do

---

[2] The Mississippi Supreme Court found that the chancellor "did err to the extent he broadly ruled Green Hills lacked *any* standing to challenge the validity of the land patents." *Green Hills Dev. Co.*, 2019 WL 3228511, at *36 (¶36). The supreme court's reversal, however, only pertained to claims against Stonebridge for protective covenants, not its complaint concerning the land patent sale.

7

not consider any of his issues.  We find that the decision of the chancellor was not manifestly in error, and affirm.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**